**HELPING YOU STAY IN YOUR HOME.**    MAKING HOME AFFORDABLE

*You may be able to make your payments more affordable.*
*Act now to get the help you need!*



P.O. Box 55004
Irvine, CA 92619
888 504 6700 toll free
949 341 2200 fax
www.rushmorelm.com

April 3, 2017

OLIVER TAPIA and JOSEFINA TAPIA
6619 S KILBOURN AVE
CHICAGO, IL 60629

Loan #: 7600027831
Property Address:
6619 S KILBOURN AVE
CHICAGO, IL 60629

Dear OLIVER TAPIA and JOSEFINA TAPIA:

**Congratulations!** You are eligible for a Home Affordable Modification. As previously described, if you comply with the terms of the Home Affordable Modification trial period plan, we will modify your mortgage loan and waive all prior late charges that remain unpaid.

The enclosed Home Affordable Modification Agreement ("Modification Agreement") reflects the proposed terms of your modified mortgage.

**How to Accept This Offer:**

**STEP 1    COMPLETE AND RETURN THE ENCLOSED AGREEMENT BY THE DUE DATE**

To accept this offer, <u>you must sign and return both copies</u> of the Modification Agreement <u>to us in the enclosed, pre-paid envelope</u> within **30** days of delivery date. If the Modification Agreement has notary provisions at the end, you must sign both copies before a notary public and return the notarized copies to us. We encourage you to <u>make a copy</u> of all documents for your records. If you do not send both signed copies of the Modification Agreement by the above date, you must contact us if you still wish to be considered for this program and have your loan modified.

**STEP 2    CONTINUE TO MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME**

<u>Be certain to make any remaining trial period payments on or before the dates they are due.</u> If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified.

To better understand the proposed terms of your modified mortgage, please read the attached summary of your modified mortgage and the Modification Agreement.

We look forward to hearing from you within **30** days of delivery date.

Sincerely,

Rushmore Loan Management Services LLC

*The Making Home Affordable program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, we – your mortgage servicer – and the Federal Government are working to offer you options to help you stay in your home.*

*Attachments: Summary of Your Modified Mortgage, Two copies of the Modification Agreement*

Final HAMP T2 Mod Cover Letter Rev. 09/26/16

**SUMMARY** — Here is a summary of your modified mortgage.

**NEW PRINCIPAL BALANCE.** Any past due amounts as of the end of the trial period, including unpaid interest, real estate taxes, insurance premiums, and certain assessments paid on your behalf to a third party, will be added to your mortgage loan balance. In addition, your mortgage insurance premium may increase as a result of the higher mortgage loan balance. **If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period.**

**INTEREST RATE.** The interest rate on your modified loan will be adjusted as noted in the attached Modification Agreement in Section 3.C.

**DEFERRAL OF PRINCIPAL.** To further reduce your mortgage payment, we will defer collection of and not collect interest on **$31,344.12** of your outstanding principal. You will not be required to make monthly payments on that portion. This portion of principal will be due when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due.

**ESCROW ACCOUNT.** The terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. Rushmore Loan Management Services LLC will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that Rushmore Loan Management Services LLC must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be **$326.36**. This amount is included in the loan payment noted in Section 3.C. of the enclosed Modification Agreement; you do not need to remit this amount separately.

**ESCROW SHORTAGE.** Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of **$658.81**. You may pay this amount over a 5-year (**60 months**) period. This monthly payment has already been included in the monthly escrow payment stated above. **If you wish to pay the total shortage now in a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.**

**PAYMENT SCHEDULE.** The enclosed Modification Agreement includes a payment schedule in Section 3.C. showing your payment plan for the life of your modified loan after the trial period.

**FEES.** There are no fees or other charges for this modification.

**FORECLOSURE.** If your loan is in foreclosure, a dismissal fee may be required to dismiss the foreclosure action. This amount has not been included in the modification, as it has not yet been incurred. You do not have to pay for any fees or costs not incurred. If you accept this modification, you will be responsible for any outstanding fees necessary to dismiss the foreclosure action. These fees, if any, reflecting actual costs expended in order to dismiss the foreclosure action will appear on your monthly billing statement, after the modification has been completed. In the event your payment is for more than the total amount owed at the time the payment is received, we will refund you the difference.

**PERMANENT MODIFICATION EFFECTIVE DATE.** Your permanent modification will become effective as of the Modification Effective Date identified in the Modification Agreement. If your final trial period payment was made on or before the 10th of the month in which it was due the modification will be effective the month following the last payment month of the trial plan. If your trial payment was made after the 10th of the month, the modification effective date will occur on the first day of the second month following the final trial period month. If your permanent modification effective date is scheduled for the subsequent month you may experience an impact on the modified terms including but not limited to an increase in the delinquent interest capitalized, the impact of the delay on implementation of the modified interest rate and if you do not make an interim trial payment, the loss of one month's accrual of the incentive payment.

Final HAMP T2 Mod Cover Letter Rev. 09/26/16

**BORROWER INCENTIVE.** If you make your monthly mortgage payments on time for six years after receiving your modification, you will earn a one-time benefit of $5,000. As long as your mortgage loan does not lose good standing, which means that the equivalent of three full monthly payments are due and unpaid on the last day of any month, we will apply this benefit to reduce your principal balance after the sixth anniversary of the month in which your trial period plan was executed. If your modified loan loses good standing at any time during this six-year period, you will no longer be eligible to earn the one-time benefit, even if the mortgage loan is later brought current.

**REPRESENTATIONS.** Please read the enclosed Modification Agreement carefully and make sure that you understand it and that the statements set forth in the "My Representations" section are true and accurate. If you have any questions, please contact us at 1-888-504-6700.

After Recording Return To:
Rushmore Loan Management
Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

This Document Prepared By:Srdjan
Njego
Rushmore Loan Management
Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$240,700.00**                              Loan No.: **7600027831**

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"):  **OLIVER TAPIA and JOSEFINA TAPIA, HUSBAND AND WIFE.** If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.
Lender or Servicer ("Lender"):  **Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 15480 Laguna Canyon Road, Irvine, California 92618**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
**March 09, 2007**
Loan Number:  **7600027831**
Property Address ("Property"):   **6619 S KILBOURN AVE**
                                 **CHICAGO, IL 60629**

Legal Description:
**SEE ATTACHED LEGAL DESCRIPTION**

**Prior instrument reference: Instrument No: 0709357034, of the Official Records of COOK County, IL.**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

|||||| *7600027831* ||||||

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Mortgage Cadence Document Center © 9061IL 01/14                              Form 3157 3/09 (rev. 10/10) *(page 1 of 7 pages)*

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
   G. I have made or will make all payments required under a trial period plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **March 1, 2017** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **March 1, 2017**.

   A. The Maturity Date will be: **February 1, 2057**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Mortgage Cadence Document Center © 9061IL 01/14                                                Form 3157 3/09 (rev. 10/10) *(page 2 of 7 pages)*

due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$244,094.12** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. **$31,344.12** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$212,750.00**. Interest at the rate of **5.000%** will begin to accrue on the Interest Bearing Principal Balance as of **February 1, 2017** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **March 1, 2017**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 5.000% | February 01, 2017 | $1,025.87 | $326.81 May adjust periodically | $1,352.68 May adjust periodically | March 01, 2017 | 480 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the

\*760027831\*

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Mortgage Cadence Document Center © 9061IL 01/14                                                                            Form 3157 3/09 (rev. 10/10) *(page 3 of 7 pages)*

Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

4. **Additional Agreements.** I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

   B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

   D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

   E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

   G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

   H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein,

this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, a street address of 1901 E Voorhees Street, Suite C, Danville, IL 61834, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is

*76002783 1*

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Mortgage Cadence Document Center © 9061IL 01/14                          Form 3157 3/09 (rev. 10/10) *(page 5 of 7 pages)*

replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. This Agreement modifies an obligation secured by an existing security instrument recorded in COOK County, IL, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $203,889.88. The principal balance secured by the existing security instrument as a result of this Agreement is $244,094.12, which amount represents the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
OLIVER TAPIA  -Borrower

_____ (Seal)
JOSEFINA TAPIA  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Illinois
County of Cook

The foregoing instrument was acknowledged before me on April 07 2017
by Oliver Tapia and Josefina Tapia

_____
(Signature of person taking acknowledgment)

My Commission Expires on 3-29-18

"OFFICIAL SEAL"
MARIO LOERA
Notary Public, State of Illinois
My Commission Expires 3/29/2018

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **31.0035324**

*7 6 0 0 2 7 8 3 1 *
MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3157  3/09  (rev. 10/10) *(page 6 of 7 pages)*
Mortgage Cadence Document Center © 9061IL 01/14

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____

State of _____

County of _____

The foregoing instrument was acknowledged before me on _____

by _____, the _____ of

_____.


_____
(Signature of person taking acknowledgment)

My Commission Expires on _____

|||IIII|||IIII|||IIII|||IIII|||IIII|||IIII|||IIII|||IIII|||
* 7 6 0 0 2 7 8 3 1 *
MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Mortgage Cadence Document Center © 9061IL 01/14                    Form 3157 3/09 (rev. 10/10) *(page 7 of 7 pages)*

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **7600027831**

FHA/VA Case Number:

Borrower(s):  **OLIVER TAPIA and JOSEFINA TAPIA**

Property Address:  **6619 S KILBOURN AVE, CHICAGO, IL 60629**

Servicer:  **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this **3rd** day of **April, 2017.**

_____ (Seal)
**OLIVER TAPIA**  -Borrower

_____ (Seal)
**JOSEFINA TAPIA**  -Borrower

Mortgage Cadence Document Center © 9572 08/13

Errors and Omissions/Compliance Agreement

LOT 24 IN MARIAN ADDITION TO PRINCE BUILDERS SUBDIVISION UNIT NO. 1, BEING A SUBDIVISION IN THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 22, TOWNSHIP 38 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

PIN: 19-22-125-026-0000

CKA: 6619 SOUTH KILBOURN, CHICAGO, IL 60629

Prepared
APR 11 2007
Jessica Ramos

(2007022564 PFD/2007022564/7)